
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENZHUANG LI, | No. 14-73807 |
| Petitioner, | Agency No. A088-280-288 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and PIERSOL,[**] District
Judge.

Wenzhuang Li, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals (BIA) affirming the determination of an

Immigration Judge (IJ) that he is not entitled to asylum or withholding of removal.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Lawrence L. Piersol, United States District Judge for
the District of South Dakota, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition for review.

We review the IJ and BIA's determinations that Li failed to sustain his burden of proof in regard to the elements of his asylum and withholding of removal claims under a substantial evidence standard.[1] *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007); *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997). Because the IJ and the BIA explicitly found Li's testimony credible, his testimony is deemed true without further corroboration. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir. 2000).

Given Li's credible testimony and the lack of any contradictory evidence, the IJ and BIA's conclusions that Li did not suffer persecution and that, even if he did suffer persecution, a political opinion was not one central reason for the persecution, are unsupported by substantial evidence. Li's testimony established that he was arrested, beaten, detained and threatened because of his political opinion expressed through leading protests at government office buildings. The facts compel the conclusion that Li suffered persecution and that the police officers who beat Li were motivated to persecute him, at least in significant part, because of

---

[1]The BIA expressly adopted the IJ's decision, so we review both decisions. *See Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012).

his actual or imputed political beliefs. *Hu v. Holder*, 652 F.3d 1011, 1017-20 (9th Cir. 2011). Accordingly, we reverse the IJ and BIA's conclusions that Li was not persecuted and that, even if he was, his political opinion was not a central reason for his persecution.

Li's past persecution entitles him to a presumption of a well-founded fear of future persecution. We remand Li's claim for asylum to the agency for consideration in the first instance whether the presumption of a well-founded fear of future persecution has been rebutted, and for consideration of Li's withholding of removal claim. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1076 (9th Cir. 2017).

**PETITION GRANTED; REVERSED and REMANDED.**